IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| ZACHARIE REGNIER, | ) | CASE NO.1:18-CV-01384 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL | ) | ORDER |
| SECURITY, | ) | |
| | ) | |
| Defendant. | | |

Before me[1] is an action by Zacharie Regnier seeking judicial review of the decision of the Commissioner of Social Security that denied Regnier's claim for disability insurance benefits and supplemental security income.[2] The matter has been briefed,[3] the transcript has been filed[4] and the parties have participated in a telephonic oral argument.[5] For the reasons that follow, the matter will be remanded for further proceedings.

The relevant facts are simply stated. Regnier is a younger individual with a college education[6] who has not worked since September 2014[7] and has severe impairments of

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF Nos. 14, 17.
[4] ECF No. 10.
[5] ECF No. 19.
[6] Tr. at 28; ECF No. 14 at 1.
[7] *Id.* at 17.

diabetes, right shoulder dislocation, and major depressive disorder.[8] The ALJ found that Regnier was capable of light work with certain limitations.[9] As to the mental restrictions, the ALJ generally followed the conclusions of two state agency reviewing sources, to which the ALJ gave great weight.[10] By contrast, the ALJ assigned little weight to the functional opinions of Dr. John Shand, M.D., Regnier's treating psychiatrist.[11]

Regnier claims first that the decision to assign only little weight to the functional opinion of Dr. Shand was not supported by substantial evidence.[12] Specifically, Regnier asserts that the ALJ reasons for assigning less weight to Dr. Shand's opinions do not constitute good reasons for downgrading the opinion of a treating source.[13] He notes in that regard that merely citing Regnier's close relationship with his family in occasional events is not clearly related to his ability to interact with strangers continuously during an eight-hour work day.[14]

Regnier also contends that the ALJ's reliance on the two state agency reviewers is improper because those sources did not review a substantial part of the record, including treatment notes from Dr. Shand, the Cleveland Free Clinic, and University Hospitals.[15]

---

[8] *Id.*
[9] *Id.* at 20.
[10] *Id.* at 27.
[11] *Id.* at 25-26.
[12] ECF No. 14 at 4.
[13] *Id.* at 4-5.
[14] *Id.*
[15] *Id.*

In response, the Commissioner does not directly rebut Regnier's argument that occasional family interactions are not identical or equivalent to continuous workplace interactions.[16] Moreover, the Commissioner does not contest that the state agency reviewers did not consider the complete record but argues that the ALJ had access to the complete record.[17]

Regnier has much the better of both issues. First, it has long been clear that it is unreasonable to equate occasional interactions with family to the ability to continuously interact with others during a work day.[18]

Second, the unremarkable fact that the ALJ has access to the complete record in no way addresses the question of whether there was a good reason given to credit the opinions of state agency reviewers above that of a treating source where the state agency reviewers based their findings on an incomplete record. In that regard, where a non-examining source has not reviewed the complete record and the ALJ fails to indicate that he has considered that fact in granting greater weight to the opinion of the non-examining source, the ALJ has not given a good reason for preferring the opinion of the non-treating source.[19]

---

[16] ECF No. 17 at 11.
[17] *Id*. at 12.
[18] *Walston v. Gardner,* 381 F.2d 580, 586 (6th Cir. 1967).
[19] *Miller v. Comm'r of Social Security*, 811 F.3d 825, 834 (6th Cir. 2016)(citation omitted).

Accordingly, for the reasons stated, I find that the decision of the Commissioner here is not supported by substantial evidence. The matter is therefor remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: September 24, 2019                                        s/William H. Baughman Jr.
                                                                 United States Magistrate Judge